# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE  DIVISION

| | | |
|---|---|---|
| **SHANNON RAY MASON and ANGELA MASON** | ] | |
| | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **CV-10-BE-2544-M** |
| | ] | |
| **ALABAMA FARM CREDIT, ACA F/K/A FEDERAL LANK BANK OF NORTH ALABAMA, FLBA and FARM CREDIT BANK OF TEXAS,** | ] | |
| | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |
| | ] | |

## <u>MEMORANDUM OPINION</u>

This foreclosure matter is before the court on "Alabama Farm Credit, ACA's Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum Brief in Support Thereof" (doc. 22); "Motion of Farm Credit Bank of Texas to Dismiss Amended Complaint" (doc. 23); "Plaintiff's Motion to Strike Affidavit of K. Ben Gore and Affidavit in Support" (doc. 27); "Judicial Notice of Adjudicative Facts and Plaintiff's Motion for Summary Judgment" filed by Plaintiffs (doc. 28); "Plaintiff's Motion to Strike Affidavit of Ralph D. Stewart and Affidavit in Support" (doc. 39); and "Petition to Dismiss [Defendant's Counterclaim] for Failure to State a Claim upon which Relief Can Be Granted" filed by Plaintiffs (doc. 41).  The court has suspended briefing on Plaintiffs' motion for summary judgment, but all other motions have received thorough briefing.

For the reasons stated in this Memorandum Opinion, the court finds that the motions to dismiss the Complaint are due to be GRANTED as to the federal claims.  Because the court will

dismiss all federal claims, the court, in its discretion, chooses not to exert supplemental jurisdiction over the state law claims asserted in the Amended Complaint and the Counterclaim. Thus, the court DOES NOT REACH  the motions to dismiss as to the state law claims asserted in the Amended Complaint and the Counterclaim.   Further, the court DOES NOT REACH the Plaintiffs' motion for summary judgment and the motions to strike.

## **PROCEDURAL HISTORY**

On September 20, 2010, *pro se* Plaintiffs, Angela and Shannon Mason, filed a Complaint (doc. 1) against Defendants Farm Credit Bank of Texas and Alabama Farm Credit, ACA, f/k/a Federal Land Bank of North Alabama, alleging violations of the Truth in Lending Act (TILA), the Home Ownership Equity Protection Act of 1994 (HOEPA), Real Estate Settlement Procedures Act ( RESPA), and the Federal Trade Commission Act, as well as claims asserted under state law.  That same day, they also filed a petition for a restraining order (doc. 3) in this suit, claiming that they should not be forced to vacate the property and would "suffer imminent and irreparable injury if defendant is not enjoined from foreclosing" on their property.  In conjunction with that petition, they also filed a motion for preliminary injunction (doc. 5) to prevent defendants from foreclosing on the property in question.

The court ordered that the pleadings be served on Defendants and set a hearing on the petition for a restraining order.  Defendants filed a response (doc. 9) to the petition, attaching the affidavit of Ben Gore (doc. 9, at 16-68), the President of Alabama Farm Credit, which, in turn, attached documents relevant to foreclosure such as the real estate loan, mortgage, promissory note, foreclosure deed, and letters and notices distributed among the parties.  The court held a hearing on the matter on September 23, 2010, and denied the petition for restraining order,

finding that the Plaintiffs failed to demonstrate a substantial likelihood of success on the merits

of their claims that would entitle them to an injunction prohibiting their eviction, which was the

remedy requested. (Doc. 15).  The court noted that while Plaintiffs' filings referenced enjoining

the foreclosure of the property, as specifically stated in those filings, the foreclosure sale occurred

on September 8, 2010 -- prior to the filing of the lawsuit -- making that request for relief moot.

The court gave Plaintiffs leave to file an Amended Complaint, which they filed on

November 19, 2010, stating the following causes of action: (1) charging false fees in violation of

RESPA; (2) other RESPA violations resulting in penalties; (3) unfair/deceptive advertising and

other unfair business practices in violation of the "Deceptive Trade Practices Act;" (4) unjust

enrichment; (5) quiet title to the subject property; (6) breach of fiduciary duty; (7)

negligence/negligence *per se*; (8) breach of the implied covenant of good faith and fair dealing;

(9) violation of TILA; (10) intentional infliction of emotional distress; (11) violation of HOEPA;

(12) civil conspiracy; and (13) fraud.    Plaintiffs requested the following remedies:  (1)

declaratory relief as to what person or entity is the owner of the promissory note executed at the

time of the loan closing and as to whether the mortgage secures any obligation of the Plaintiffs;

(2) an injunction prohibiting ejectment from the property and requiring re-conveyance of the

subject property to the Plaintiffs or, in the alternative, a final judgment granting Plaintiffs title to

the property; (3) compensatory damages, including pain and suffering, and punitive damages,

pre- and post-judgment interest, attorney's fees, and costs; and (4) rescission of the loan.

Plaintiffs asserted that the relevant statutes of limitations were tolled because of Defendants'

misrepresentations and failure to disclose.  After the filing of the Amended Complaint, the court

found Plaintiffs' motion for preliminary injunction to be moot.  (Order of December 13, 2010).

On December 10, 2010, Defendants Alabama Farm Credit and Farm Credit Bank of Texas filed separate motions to dismiss the Amended Complaint.  (Docs. 22 & 23, respectively). On January 7, 2011, Plaintiffs filed a motion for summary judgment (doc. 28) and a motion to strike (doc. 27) the affidavit of Ben Gore (doc. 9, at 16-21).  Alabama Farm Credit subsequently filed a revised affidavit of Gore (doc. 32), as evidentiary material in conjunction with their reply to the motion to dismiss.

On February 1, 2011, the court granted Defendants' joint motion to continue deadlines set forth in the briefing schedule on Plaintiffs' motion for summary judgment, suspending the briefing schedule pending a ruling on the motions to dismiss. (Order of February 1, 2011).

On February 18, 2011, Plaintiffs filed a motion to strike (doc. 39) the affidavit of Ralph Stewart (doc. 34) contained in the evidentiary material Alabama Farm Credit submitted in support of its motion to dismiss.

On June 15, 2011, Defendant Alabama Farm Credit filed a Counterclaim against Plaintiffs asserting two counts: Count I for ejectment, and Count II for rent.  Plaintiffs responded with a motion to dismiss the Counterclaim (doc. 41).

## **DISCUSSION**

As a preliminary matter, the court acknowledges that Plaintiffs filed this matter *pro se*. To protect a *pro se* litigant's right of access to the judicial system, courts read *pro se* complaints by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525

F.2d 886, 891 (5th Cir. 1976).[1]  Therefore, this court reads Plaintiffs' pleadings by less stringent standards; however, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The court further notes that it previously afforded Plaintiffs an opportunity to amend their original Complaint, and that Plaintiffs responded by filing an *Amended* Complaint, one of the filings currently challenged.

Three motions to dismiss are pending: Alabama Farm Credit and Farm Credit Bank of Texas have filed separate motions to dismiss the Amended Complaint (docs. 22 & 23, respectively), and Plaintiffs have also filed a motion to dismiss (doc. 41) Alabama Farm Credit's Counterclaim against them.

The court notes that, in addition to these motions, the parties have filed three other motions.  Plaintiffs filed a motion for summary judgment (doc. 28), which requires consideration of evidence outside the pleadings.  Plaintiffs also filed two motions to strike (docs. 27 & 39), one directed at the first affidavit of K. Ben Gore and the other at the affidavit of Ralph D. Stewart. The court will first address the motions to dismiss the Amended Complaint, because rulings on those motions may well obviate consideration of the other motions.

### A.  Motions to Dismiss the Amended Complaint

Alabama Farm Credit and Farm Credit Bank of Texas  have filed separate Motions to Dismiss the Amended Complaint (docs. 22 & 23, respectively) based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as well as failure to state a claim

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

under which relief can be granted pursuant to Rule 12(b)(6). Because Farm Credit Bank of Texas adopts many of the grounds upon which Alabama Farm Credit relies, the court will first address the federal claims where Defendants raise identical grounds for dismissal, beginning with arguments brought pursuant to 12(b)(1).

Although Alabama Farm Credit argues that the court lacks subject matter jurisdiction over all the federal claims and asserts that they should all be dismissed pursuant to Rule 12(b)(1), the court notes that many of the arguments for dismissal focus on the inapplicability of the federal statutes based on facts that are outside those pled in the Amended Complaint. For some of their arguments, Defendants rely on affidavits that are the subject of motions to strike. The court acknowledges that consideration of affidavits at this stage is appropriate when the issue is truly one of subject matter jurisdiction under 12(b)(1) or (2). However, "[t]he test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather the test is whether the cause of action alleged is so patently without merit as to justify dismissal for want of jurisdiction." *McGinnis v. Ingram Equip. Co., Inc.*, 918 F.3d 737, 741-43 (11th Cir. 1990). The Eleventh Circuit has explained that "if a complaint seeks relief under the Constitution or laws of the United States, dismissal generally must be for failure to state a claim ... not for want of jurisdiction." *Marine Coatings of Ala., Inc. v. United States,* 792 F.2d 1565, 1567 (11th Cir. 1986).

In light of this guidance, the court will address many of the grounds for dismissal under Rule 12(b)(6) as opposed to 12(b)(1). The one argument that does indeed raise an issue of subject matter jurisdiction is the challenge to the claim under the Federal Trade Commission Act. Accordingly, the court will first address that claim.

6

**1. Deceptive Trade Practices/Federal Trade Commission Act**

Although Plaintiffs do not invoke it in the statement of jurisdiction section of their Amended Complaint, they later assert that Defendants have violated the Federal Trade Commission Act, 15 U.S.C. §§ 41-58[2]. Defendants argue that this claim is subject to dismissal under Rule 12(b)(1), because Plaintiffs have no standing to sue under that act. Further, they argue that they are banks exempt from regulation under that act.

a. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. A plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994). The court, in addressing the issue of federal jurisdiction, must also consider the plaintiff's standing to assert a cause of action, "because standing is an element of the constitutional requirement of 'case or controversy,' [and] lack of standing deprives the court of subject matter jurisdiction." *In re Weaver*, 632 F.2d 461, 463 n.6 (11th Cir. 1980) (citing *Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991).

b. Challenge to Plaintiffs' Standing under the Federal Trade Commission Act

To determine whether Plaintiffs have standing to sue pursuant to the Federal Trade Commission Act, the court turns first to that act itself, which reads in pertinent part:

---

[2] Plaintiffs call this the Deceptive Practices Act and cite it as 15 U.S.C. § 45 *et seq.*

>(1) Unfair methods of competition in or affecting commerce, and unfair
>or deceptive acts or practices in or affecting commerce, are hereby
>unlawful.  (2) *The Commission is hereby empowered* and directed to
>prevent persons, partnerships or corporations, *except banks, savings and
>loan institutions described in § 57(a)(f)(3) of this title, Federal credit
>unions described in § 47a(f)(4) of this title* . . . from using unfair methods
>of competition in or affecting commerce and unfair or deceptive acts or
>practices in or affecting commerce.

15 U.S.C. § 45 (emphasis added).  The act provides for a civil action *by the Federal Trade Commission* for violations of those provisions of the act respecting unfair or deceptive acts or practices.  15 U.S.C. § 57(b).  The court finds that Plaintiffs have no standing to assert violations of the Federal Trade Commission Act, because that Act does not provide for a private right of action for individuals; only the Federal Trade Commission may bring an action for violations of this act.  *See, e.g., Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987 (D.C. Cir. 1973).  Therefore, the court finds that the motions to dismiss the Amended Complaint are due to be GRANTED as to the claim asserted under the Federal Trade Commission Act, and that claim is due to be dismissed with prejudice pursuant to Rule 12(b)(1).

As an *alternative ruling*, the court finds that this claim is due to be dismissed because Defendant banks are exempt from liability by the express language of the act.

## 2.  Dismissal Because of Statutory Bars

The court will next address Defendants' argument that the remaining federal claims are due to be dismissed because they are barred by the applicable statutes of limitations as apparent from the face of the Amended Complaint.  The analysis occurs pursuant to 12(b)(6), which attacks the sufficiency of the complaint.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (explaining "if the allegations, for example, show that relief is barred by the applicable statute of

limitations, the complaint is subject to dismissal for failure to state a claim"); *Brotherhood of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.") (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).

Although Defendants have offered affidavits to support some of their arguments asserted in the motions to dismiss, the court will *not* consider those affidavits at this juncture.  Rather, the court first looks to the face of the Amended Complaint to determine whether that document reflects that the claims are time-barred.

### a. TILA

One of the federal statutes that Plaintiffs invoke for jurisdictional purposes is the Truth in Lending Act, commonly known as TILA, 15 U.S.C. § 1601, *et. seq.*, which is intended to promote the informed use of consumer credit by requiring disclosures about a loan's terms and costs.  The specific alleged TILA violations are far from clear; the TILA section of the Amended Complaint simply incorporates by reference all previous 51 paragraphs; states that the violation of TILA renders the credit transaction and Defendants' interest null and void; and asserts Plaintiffs' entitlement to damages.   In response, Defendants argue, among other things, that the TILA claim is time-barred based on the face of the Amended Complaint.

The TILA statute includes a one year statute of limitations for claims for money damages:

"Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation*. . . ." 15 U.S.C. § 1649 (e) (entitled "Jurisdiction of courts; limitation on actions; State attorney general enforcement"); *Smith v. Am. Fin. Sys., Inc. (In re Smith)*, 737 F.2d 1549, 152 (1984). "The violation 'occurs' when the transaction is consummated.  Nondisclosure is not a continuing violation for purposes of the statute of limitations." *In re Smith*, 737 F.2d at 152 (quoting *Wachtel v. West*, 476 F.2d 1062 (6th Cir.), *cert denied*, 414 U.S. 874 (1973) (internal citations omitted)).

In the instant case, the facts set out in the Amended Complaint refer to a refinancing that occurred on May 26, 2006, and the Amended Complaint attaches a promissory note dated May 26, 2006 with signatures dated May 26, 2006 and "Interest Rate Disclosure" sheet dated May 26, 2006.  Thus, based on the face of the Amended Complaint, the loan transaction was consummated on May 26, 2006. The court notes that although the Plaintiffs have asserted certain objections focusing on whether the promissory note Defendants present was "a verified copy of the original" and whether Defendants have established a "chain of custody," they do not dispute that the loan transaction occurred on May 26, 2006.   However, Plaintiffs did not file the instant suit until September of 2010 – over four years later.  Therefore, the current action for money damages would be time-barred unless the statutory time was somehow tolled.

Plaintiffs appear to recognize the statute of limitations problem, because they assert that the statute of limitations periods for TILA and RESPA should be equitable tolled "due to the DEFENDANTS' Misrepresentations and Failure to Disclose."  (Doc. 21, at 6, ¶¶ 27-31).  In addressing this assertion that the limitations period should be tolled, the court must determine

whether the statute is subject to equitable tolling, and, if so, whether Plaintiffs have pled sufficient facts to apply equitable tolling in this case.

Courts "look to the relevant statute for guidance in determining whether equitable tolling is appropriate in a given situation." *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006). The court addressing a request for equitable tolling must determine if legislative intent existed that the right be enforceable after the prescribed time. *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 426 (1965). "We glean legislative intent from 'the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act." *Arce*, 434 F.3d at 1260 (quoting *Burnett*, 380 U.S. at 427). The Eleventh Circuit has held that the statute of limitations set forth in TILA is "not jurisdictional and therefore may be subject to equitable tolling." *Ellis v. GMAC*, 160 F.3d 703, 710 (11th Cir. 1998). However, just because an Act is subject to equitable tolling does not mean that equitable tolling is appropriate in a given suit.

Rather, equitable tolling is an "extraordinary remedy" that "should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Tolling is only available in limited circumstances, because courts recognize the value of statutes of limitations in "promoting the fair administration of justice" and preventing the unfair burden upon defendants and courts "'of trying stale claims when a plaintiff has slept on his rights.'" *Arce*, 434 F.3d at 1260 (quoting *Burnett*, 380 U.S. at 428). Courts will only apply equitable tolling where the interests of justice "weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing. . . . 'Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both

11

beyond his control and unavoidable even with diligence.'" *Arce*, 434 F.3d at 1260 (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added in *Arce* )).  Put another way, "a 'petitioner' is 'entitled to 'equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* ___ U.S. ____, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purpose is 'reasonable diligence.'" *Holland*, 130 S. Ct. at 2565.  A plaintiff bears the burden of establishing his entitlement to equitable tolling.  *Justice*, 6 F.3d at 1479.

 The case of *Arce v. Garcia* provides an example of a case where equitable tolling was applied to allow filing beyond the statutory period.  In that case, the Eleventh Circuit found that extraordinary circumstances existed where the Salvadoran regime intimidated witnesses, suppressed evidence, and committed human rights abuses against those who spoke out against the regime.  The Court of Appeals affirmed the district court's equitable tolling of the statute of limitations in the Salvadoran refugees' action against Salvadoran military officials for human rights violations based on torture as long as the perpetrating regime remained in power.  434 F.3d at 1254.

 The court does not limit equitable tolling to circumstances as extreme as war and torture. In *Holland v. Florida*, the Supreme Court of the United States did not specifically find that extraordinary circumstances existed, but remanded the case to the Court of Appeals to determine whether the conduct of the prisoner's attorney, in not timely filing a habeas petition despite the prisoner's admonitions on the importance of doing so, and in not doing research to determine the filing deadline despite the prisoner's letters to him defining the legal filing rules, rose to the level

of "extraordinary circumstances" for equitable tolling purposes.  130 S. Ct. 2549.  This court

points to those two cases to emphasize that for equitable tolling to apply, circumstances must

indeed be extraordinary.

 In the instant case, Plaintiffs' pleadings reveal no extraordinary circumstances that entitle

them to additional time.  In their Amended Complaint, Plaintiffs do refer repeatedly to false fees

and generally aver that "Defendants committed numerous acts of fraud against Petitioner in

furtherance of a carefully crafted scheme intended to defraud Petitioner."  (Amend. Compl. Doc.

21, at 2, ¶ 7.  However, they assert no specific *facts* to support their general, vague assertions of

fraud.  The heightened pleading requirements for fraud set forth in Rule 9(b), requiring that a

party "state with particularity the circumstances constituting fraud," apply as well to pleading

fraud as support for equitable tolling.  *See, e.g., Moore v. Liberty Nat'l Ins. Co.*, 108 F. Supp. 2d

1266, 1273-74 (N.D. Ala. 2000) (Addressing an argument that civil rights statutes were equitably

tolled, the district court stated that  "the plaintiff must plead with particularity the fraudulent

concealment and must state the time period within which he discovered concealment of his

claim.").  Thus, Plaintiffs have not adequately pled fraud in support of their theory of equitable

tolling.

 Further, Plaintiffs otherwise assert no specific *facts* that, if true, would establish

extraordinary circumstances that are both beyond their control and unavoidable even with due

diligence.  Indeed, some of the alleged facts that Plaintiffs do present in the Amended Complaint

indicate that they did not exercise due diligence in avoiding or discovering the "fraud;" for

example, the Amended Complaint states "Defendants provided false and incorrect documents in

that the Promissory Note does not match the Loan Closing Statement in that the interest rate and

13

term length of the Promissory Note does not match the payment given in the Loan Closing Statement." (Amend. Compl. Doc. 21, at 6, ¶ 27). However, if the faces of the documents truly show that figures in the Promissory Note do not match those in the Loan Closing Statement and placed Plaintiffs on notice that Defendants were providing false documents to them, then that obvious conflict poses a problem for Plaintiffs' equitable tolling argument; rather than establishing due diligence, a requirement for equitable tolling, that obvious conflict on the face of the documents arguably establishes the absence of it. Regardless of whether these facts would establish the *absence* of due diligence, Plaintiffs have certainly failed to provide specific facts that, if true, establish both the *presence* of due diligence and other extraordinary circumstances outside their control.

In sum, in their second attempt to present a sufficient complaint, Plaintiffs have not pled facts meeting the requirements of equitable tolling. Because they have failed to sufficiently aver equitable tolling, the court finds that their TILA claim for money damages, filed far more than one year after the loan was consummated in 2006, is time-barred. In light of that ruling, the court finds that the motions to dismiss are due to be GRANTED as to the TILA claim for money damages. The court will dismiss that claim with prejudice.

In addition to seeking money damages, Plaintiffs also seek to rescind the loan contract. However the TILA statute provides an express three-year period extinguishing the right of rescission:

> [a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under [TILA] have not been delivered to the obligor.

14

15 U.S.C. § 1635(f).

The United States Supreme Court has examined Section 1635(f) and has explained that it is *not* a statute of limitation that governs only the institution of suit: "It talks not of a suit's commencement but of a right's duration . . . it operates with the lapse of time, to extinguish the right of rescission." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 418-19 (1998).  Because more than three years elapsed from the date of consummation of the transaction –  May 26, 2006 – and the date Plaintiffs brought suit – September 20, 2010, the right of rescission was extinguished before suit was filed.  Therefore, the claim for rescission of the contract for alleged violations of TILA is due to be dismissed with prejudice, and the motions to dismiss are due to be GRANTED as to this claim.

Because of these rulings on the claims brought pursuant to TILA, the court need not and does not otherwise reach the merits of the TILA claim, does not make a determination about whether TILA even applies to the loan in question, and does not address Farm Credit Bank of Texas's other arguments concerning the TILA claim.

2.  HOEPA

In the jurisdictional section of their Amended Complaint, Plaintiffs also invoke HOEPA, the Home Ownership Equity Protection Act of 1994, an amendment to TILA, 15 U.S.C. §§ 1602 (aa), 1639, and 1641(d)(1).  The rest of the Amended Complaint  refers to HOEPA only by stating under the headings of "Negligence" and  "Breach of Fiduciary Duties" that Plaintiffs were among the class of persons that TILA, HOEPA, and RESPA were designed to protect, that Defendants owed Plaintiffs "a duty of care under TILA, HOEPA, RESPA" to provide proper

disclosures concerning the terms and conditions of the loans, and that Defendants breached their duty to ensure that they complied with all applicable laws governing the loan transaction "including but not limited to TILA, HOEPA, RESPA. . ." (Amend. Compl. Doc. 21, at 21 ¶ 40 & 22 ¶¶ 44 & 46.

HOEPA provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings and applies only if "the total points and fees payable by the consumer at or before closing will exceed . . . 8 percent of the total loan amount or $528 (in 2006)" *or* if "the annual percentage rate at consummation for a subordinate lien loan (i.e. home equity loan) exceeds by more than 10% the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the 15th day immediately preceding the month in which the loan application is received by the creditor." 15 U.S.C. § 1639; 12 C.F.R. § 226.32(a); 1602(aa)(1)(B). In the instant case, the parties do not provide calculations to determine whether the fees and percentage rate of the loan in question fall within these provisions.

Assuming *arguendo* that HOEPA applies to the loan in question, TILA's one-year statute of limitations also governs this claim. *See* 15 U.S.C. 1640(e). Therefore, for the same reasons discussed above, the court finds that the statute of limitations bars any potential HOEPA claims, and Plaintiffs have not sufficiently pled facts to support the application of equitable tolling of that limitations period. In light of that ruling, the motions to dismiss are due to be GRANTED as to the HOEPA claim, and that claim will be dismissed with prejudice.

Because of that ruling, the court need not and does not otherwise reach the merits of the HOEPA claim, does not make a determination as to whether HOEPA applies to the loan in question, and does not address Farm Credit Bank of Texas's other arguments as to the HOEPA

claim.

    c.  RESPA

A third federal statute that Plaintiffs invoke to establish federal jurisdiction is the Real Estate Settlement Procedures Act, 12 U.S.C. ¶¶ 2601-2617.  Although Plaintiffs acknowledge in the Amended Complaint that a claim for "RESPA accrues at the consummation of the note," and that RESPA claims are "subject to one-year[3] limitations period," Plaintiffs again assert that the statute of limitations "should be Equitably Tolled due to the DEFENDANTS' Misrepresentations and Failure to Disclose."  (Amend. Compl. Doc. 21, at 5, ¶ 21 & 6-7, ¶¶ 27-31).  Again, because the consummation of the note occurred in 2006 and this suit was filed four years later, the RESPA claim is time-barred unless equitable tolling does indeed apply.

The court notes that a circuit split exists regarding whether equitable tolling applies to RESPA claims.  *Compare, e.g.,  Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1041 (D.C. Cir. 1986) (finding that equitable tolling does *not* apply to RESPA) *with Lawyers Title Ins. Corp. v. Dearborn Title Corp.,* 118 F.3d 1157, 1166-67 (7th Cir. 1997) (finding that RESPA *is* subject to equitable tolling).  The Eleventh Circuit has not yet squarely addressed this issue, although it has acknowledged the *potential* application of equitable tolling to RESPA claims.  *Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002); *see also McCarley v. KPMG Int'l*, 293 F.

---

[3] The court notes that a three-year statutory limitations period applies to actions brought pursuant to Sections 2605 (disclosures relating to the assignment, sale, or transfer of loan servicing), 2607 (prohibition against kickbacks and unearned fees), and 2608 (requiring the use of a particular title company).  To the extent, if any, that the three-year period may apply to the allegations in this suit, the suit is nevertheless time-barred, because it was brought *four* years after the consummation of the loan.  However, the court focuses on the one-year statute of limitations because Plaintiffs' Amended Complaint acknowledges the one-year time limitation absent tolling.

App'x 719 n. 6 (11th Cir. 2008) (an unpublished Eleventh Circuit case noting the circuit split and the Eleventh Circuit Court of Appeals' acknowledgement in *Pendraza*).  In light of the lack of guidance on this issue, this court does not assume that RESPA is subject to equitable tolling, but simply finds that even if equitable tolling does apply, Plaintiffs have not pled sufficient facts to meet the requirements of equitable tolling, for the same reasons discussed in the TILA section above.

Having found that the Amended Complaint insufficiently pleads facts supporting equitable tolling, the court further finds that the RESPA claims are barred by the statute of limitations.  In light of that ruling, the motions to dismiss are due to be GRANTED as to the RESPA claim.  The court will dismiss that claim with prejudice.

Because of this ruling, the court need not and does not otherwise reach the merits of the RESPA claims, does not make a determination about whether RESPA applies to the loan in question, and does not address Farm Credit Bank of Texas's other arguments as to the RESPA claim.

The court can discern no other federal claim in the Amended Complaint.  The court notes that Farm Credit Bank of Texas's motion to dismiss discusses why it is not liable to Plaintiffs under another federal act, the Equal Credit Opportunity Act.  Because the court cannot discern claims asserted under that act or any other federal acts in the Amended Complaint, the court assumes that Farm Credit Bank of Texas merely addresses that phantom claim in an abundance of caution; however, the court will not address a claim that Plaintiffs have not asserted.

e.  Claims Asserted Pursuant to State Law

Plaintiffs assert the remaining claims pursuant to state law.  Plaintiffs do not attempt to

allege jurisdiction based on diversity of citizenship nor do their pleadings establish it.  Having found that all federal claims are due to be dismissed, the court, in its discretion, chooses not to exercise supplemental jurisdiction over the remaining state law claims.  *See Raney v. Allstate Ins. Co.*, 370 F. 3d 1086, 1088-89 (11th Cir. 2004) (stating that the decision whether to exercise supplemental jurisdiction is within the discretion of the district court and noting that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial.").  Thus, the court DOES NOT REACH the motions to dismiss as to the remaining state law claims in the Amended Complaint and will DISMISS those claims WITHOUT prejudice.

## B.  Motion to Dismiss the Counterclaim

The Counterclaim asserts claims of ejectment and actions for rent pursuant to Alabama state law.  Again, because the court has ruled that all federal claims are due to be dismissed, and the pleadings do not establish diversity jurisdiction,  the court, in its discretion, chooses not to exercise supplemental jurisdiction over the remaining state law claims, including the state law claims asserted in the Counterclaim.  *See Raney,* 370 F.3d at 1088-89.  Thus, the court DOES NOT REACH the Motion to Dismiss the Counterclaim; because it does not exercise supplemental jurisdiction over the state law claims, the court will DISMISS the claims asserted in the Counterclaim WITHOUT prejudice.

In light of the rulings that all federal claims in this action are due to be dismissed and that it declines to exercise supplemental jurisdiction over all state law claims asserted in the Amended Complaint and the Counterclaim,  the court finds that this entire action is due to be DISMISSED.

19

## C.  Motion for Summary Judgment

The court notes that Plaintiffs filed "Judicial Notice of Adjudicative Facts and Plaintiff's Motion for Summary Judgment" (doc. 28), the briefing schedule for which the court suspended pending a ruling on the motions to dismiss.  In light of the previous rulings granting the motions to dismiss the Amended Complaint as to the federal claims, and because the court chooses not to exercise supplemental jurisdiction over the remaining state claims and will dismiss those claims and this case, the court DOES NOT REACH Plaintiffs' motion for summary judgment.

## D.  Motions to Strike

The Plaintiffs filed motions to strike the affidavits of Ben Gore and Ralph Stewart (docs. 27 & 39).  In making the rulings discussed above, the court examined the face of the Amended Complaint.  In its rulings based on the face of the Amended Complaint, the court did not consider the affidavits or the documents attached to them; the court DOES NOT REACH the motions to strike.

## CONCLUSION

In sum, the court finds that Defendants' motions to dismiss the Complaint are due to be GRANTED as to the federal claims.  Because the court will DISMISS all federal claims with prejudice, the court, in its discretion, chooses not to exert supplemental jurisdiction over the remaining state law claims in the Amended Complaint and in the Counterclaim; thus, it DOES NOT REACH the motions to dismiss as to those claims, and will DISMISS the state law claims without prejudice, and will dismiss the case as a whole.  Because of these rulings, the court

DOES NOT REACH the Plaintiffs' motion for summary judgment and motions to strike.

Dated this 27th day of September, 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE